## MORAN v. MERRITT & CHAPMAN DERRICK & WRECKING CO.

(District Court, S. D. New York. February 27, 1905.)

SHIPPING—LINE IN TUG'S SCREW—NEGLIGENCE.

> Libelant's tug was injured in the East river, in the night, by reason of a line becoming entangled in its screw. On the same night a line used by respondent in raising a sunken vessel, which had been securely made fast to a pier and weighted to the bottom, in some unknown manner became loosened from the pier. *Held* that, assuming that such line was the one which caused the injury, of which there was no direct proof, it did not appear that there was any negligence on the part of respondent, which alone could render it liable for the injury.

In Admiralty.   Suit to recover for injury to tug.

James J. Macklin, for libellant.
Avery F. Cushman, for respondent.

ADAMS, District Judge.   This action was brought by Michael Moran, the owner of the steamtug William J. Sewell, to recover from the Merritt & Chapman Derrick & Wrecking Company, the damages caused to the tug by a line belonging to the steam dredge Monarch, owned by that company, getting into her screw in the vicinity of pier 3, East River.

The libellant's allegations were that the respondent was engaged in raising a sunken vessel abreast of said pier on the evening of the 13th of October, 1899, and ran the line in question from the vessel to pier 3, without a light or notice of any kind, creating a menace and danger to navigation.   The respondent, in its answer, denied the libellant's allegations.

The testimony shows that the respondent was at the time engaged in raising a vessel sunk some 500 or 600 feet off the South Ferry Slip and in the operation had run a line from her to the pier known as 2, between that slip and the adjoining one on the north, used by the 39th Street Ferry to South Brooklyn.   The dredge Monarch was not engaged at the time, but another vessel, the derrick Reliance, owned by the respondent, was doing the work.   This vessel was removed at night on account of the scow being so situated that vessels working about her would constitute an obstruction to navigation.   The line so used on the night in question became in some way broken and detached from pier 2.

It is rather a remarkable coincidence if it was not the line doing the damage to the tug, that it should have become broken that night and it is singular also how it could get where the tug was at pier 3, the tide having been ebb at the time the tug alleges the accident occurred, about 7 o'clock P. M.   The libellant contends it was not the line but if it were not, I see no connection between the accident and the respondent.   Assuming it was the line, and that is the most favorable aspect of the matter for the libellant, still the case lacks evidence of negligence.   Even if it were incumbent upon the respondent to account for the line, it seems to have done so by showing it was securely fastened to pier 2 and so weighted as to be carried, between some spiles, immediately to the bottom of the

river, some 15 feet, without apparent liability to become loosened or in any way to endanger light draught vessels, such as the tug was.

The respondent could only be held liable upon the theory of res ipsa loquitur, but that maxim can not, in my judgment, be extended to cover a case where proper precautions have been taken to weight a line and make it fast and there is nothing to show, or from which inferences may be drawn, that there was any negligence on the owner's part in its becoming loosened. It is not like a case of the fall of an elevator, where it may be presumed that the fall, in connection with proved circumstances, tends to show absence of care and justifies a jury in applying the doctrine. Griffen v. Manice, 166 N. Y. 188, 192–197, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. There was no special relation between these parties, which required the exhibition of care, but merely a duty to the public not to create a nuisance in the way of an obstruction to navigation. There was no intention here on the respondent's part to create such an obstruction and the one that existed was manifestly by reason of some negligence or malice. There is nothing in the circumstances here to connect the respondent with the loosening of the line. The mischief which occurred could not reasonably have been foreseen when the line was made fast and I find nothing in the evidence to legally connect the respondent with the injury to the libellant.

Libel dismissed.